**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**GORDON BELANGER,**

        **Plaintiff,**        **CIVIL ACTION NO. 07-14408**

  **VS.**                    **DISTRICT JUDGE GEORGE CARAM STEEH**

**COUNTY OF OAKLAND,**    **MAGISTRATE JUDGE MONA K. MAJZOUB**
**ET AL.,**
        **Defendants.**
                               /

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S
MOTION TO COMPEL DISCOVERY (DOCKET NO. 17)**

This matter comes before the Court on Plaintiff's Motion to Compel Discovery filed on July 29, 2008. (Docket no. 17). Defendants filed a Response brief on August 15, 2008. (Docket no. 21). The parties filed a Joint Statement of Resolved and Unresolved Issues on September 17, 2008. (Docket no. 23). The matter has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 19). The parties appeared for a hearing on September 24, 2008. The matter is now ready for ruling.

Plaintiff shows that he served his First Set of Interrogatories and First Request for Production of Documents on Defendants on March 19, 2008. (Docket no. 17-3). Plaintiff served his Second Request for Production of Documents on March 31, 2008. (Docket no. 17-4). Plaintiff sent a letter to Defendants' counsel on July 1, 2008 requesting that discovery responses and answers be provided or Plaintiff would file a motion to compel. (Docket no. 17-5). Defendants served responses and answers to the discovery requests on August 15, 2008. (Docket no. 21-3). The parties agree in the Joint Statement that the only unresolved issues are Plaintiff's Requests for Production Nos. 1, 2 and 3 of Plaintiff's Second Requests for Production of Documents. (Docket no. 23).

*Governing Law:*

Rule 37(a)(3)(B), Fed. R. Civ. P., allows this Court to compel discovery if a party fails to answer an interrogatory submitted under Rule 33 or properly respond to a request submitted under Rule 34.

*Analysis:*

Plaintiff's Second Request for Production No. 1 asks for "[a]ny and all documents from Risk Management regarding MRSA." Plaintiff stated that the documents are relevant because document bates no. 000114 shows that Oakland County Risk Management was contacted by MIOSHA regarding a sewer back up at the Oakland County Jail. Defendants object that the request is overly broad and unduly burdensome due to an undefined scope in time, it includes documents pertaining to areas of Oakland County other than the County Jail and Defendants would need to review thousands of files of inmates and employees in order to comply. Defendants stated in the Joint Statement and their counsel testified that the County Jail holds 1800 inmates per day.

Plaintiff's request as written is unduly broad and not limited to relevant documents. At the hearing Plaintiff agreed to limit the time frame to 2004 through 2006 and limit the documents to those pertaining to the County Jail. Plaintiff's counsel stated at the hearing that the request encompasses memoranda to MIOSHA. The Court will order Defendants to produce in full and without objections any and all documents from 2004 through 2006 from Risk Management, including documents and memoranda to MIOSHA, regarding MRSA and the Oakland County Jail. Defendants are not required to examine inmate and employee files for the documents because it would be unduly burdensome when weighed against the potential and speculative relevance of Plaintiff's broad request for documents. Fed. R. Civ. P. 26(b)(2)(C). If Defendants conclude that

they have already provided all documents responsive to this request, they will amend their response to identify the responsive documents already produced and state that they have no other responsive documents in their possession, custody or control. Fed. R. Civ. P. 34(a)(1).

Plaintiff's Second Request for Production No. 2 asks for "[a]ny and all memos, notices, or other written communications regarding spider bites and/or MRSA." Plaintiff argues that the documents are relevant because document bates no. 000166 states that individuals suffering from MRSA commonly complain of an infected pimple, insect bite or spider bite, document bates no. 000167 states that corrections officers should refer inmates to health services when they report having a spider bite, and documents bates nos. 000168 and 000177 state that MRSA infections can look like spider bites. Documents related to spiderbites may show Defendants' knowledge that there was a problem with MRSA. Defendants argue that the request is overly burdensome because it requires Defendants to review every inmate file to find notations regarding spider bites and/or MRSA and states that the capacity of the Oakland County Jail is 1800 inmates per day. Plaintiff has agreed to limit the request to the time frame 2004 through 2006 and documents pertaining to the County Jail.

Second Request for Production No. 2 is subject to the same analysis set forth above at Second Request for Production No. 1 and the Court will order Defendants to produce in full and without objection any and all memos, notices or other written communications from 2004 through 2006 at the Oakland County Jail regarding spider bites, MRSA, or spider bites and MRSA. As set forth above, Defendants are not required to review inmate and employee files. Fed. R. Civ. P. 26(b)(2)(C). If Defendants conclude that they have already provided all documents responsive to

this request, they will amend their response to identify the responsive documents already produced and state that they have no other responsive documents in their possession, custody or control.

Second Request for Production No. 3 asks for "[a]ny and all documents to and/or from MIOSHA regarding MRSA." Second Request for Production No. 3 is subject to the same analysis as Second Request for Production No. 1. The Court will order Defendants to produce in full and without objections any and all documents from 2004 through 2006 sent between MIOSHA and the Oakland County Jail regarding MRSA. As set forth above, Defendants are not required to review inmate and employee files. Fed. R. Civ. P. 26(b)(2)(C). If Defendants conclude that they have already provided all documents responsive to this request, they will amend their response to identify the responsive documents already produced and state that they have no other responsive documents in their possession, custody or control.

The Court will decline to award sanctions and expenses at this time due to the breadth and unlimited scope of Second Request for Production Nos. 1, 2 and 3 as written. Fed. R. Civ. P. 37(a)(5).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Discovery (docket no. 17) is **GRANTED** in part to the extent that Defendants must serve full and complete responses to Plaintiffs Second Request for Production of Documents Nos. 1, 2 and 3 as set forth above by 5:00 p.m. on October 14, 2008. The remainder of Plaintiff's Motion to Compel Discovery is **DENIED**.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: September 25, 2008         s/Mona K. Majzoub
                                  MONA K. MAJZOUB
                                  UNITED STATES MAGISTRATE JUDGE


## **PROOF OF SERVICE**

      I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: September 25, 2008         s/Lisa C. Bartlett
                                  Courtroom Deputy