UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GORDON BELANGER,

        Plaintiff,

vs.

Case No.2: 07-CV-14408

HON. GEORGE CARAM STEEH

COUNTY OF OAKLAND, MICHAEL BOUCHARD,
MICHAEL MCCABE, DOUGLAS EADER, TIM ADKINS,
IN THEIR INDIVIDUAL AND IN THEIR OFFICIAL CAPACITIES

        Defendants.
_____/

## ORDER GRANTING
## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This case arises out of plaintiff Gordon Belanger's complaint against his employer, Oakland County Jail and supervisors Michael Bouchard, Michael McCabe, Douglas Eader and Tim Adkins, alleging Fourteenth Amendment substantive due process violation, First Amendment retaliation, conspiracy, and worker's compensation retaliation. Defendants move for summary judgment of all four of Belanger's claims. Plaintiff's claims fail for the reasons stated below, and defendants' motion for summary judgment is GRANTED.

FACTUAL BACKGROUND

Gordon Belanger has been employed as a deputy assigned to corrections with the Oakland County Sheriff's Office (OSCO) since 1988. His responsibilities include custody and care of inmates in various areas of the jail. This suit centers around the claim that a flood in the jail caused by a backup of the sewer system exposed

employees to unsanitary working conditions, including the spread of a contagious disease known as methicillin resistant staphyloccoccus aureus (MRSA).

In September, 2005, Mr. Belanger was treated by Dr. Wendy McFalda for blisters on his fingers diagnosed as eczema, arrhythmia, and dermatitis. Although treated for the condition, the blisters persisted for the following three months, during which Mr. Belanger continued to work. In October, 2005, several inmates were reported as having spider bites, which prompted an inspection by the EOTEC into whether the jail had an infestation of brown recluse spiders. No spiders were found, and the EOTEC reported that MRSA may be mistaken for spider bites, and suggested that the infected individuals be tested for the contagious infection. In early November, 2005, an attempt by inmates to flush sheets down a toilet resulted in a flood of sewage into an area of the jail. The area was cleaned by a commercial cleaner that same day. The following day, Mr. Belanger contends that the carpet in the flooded area was still wet despite the presence of fans, and that there was a terrible smell. The soiled carpet was replaced in December, 2005. As per the rotational placement of deputies, Mr. Belanger was assigned to work in the flooded area approximately twice a month between the months of November, 2005 and April, 2006.

Mr. Belanger first developed what he suspected to be, but was never diagnosed as, MRSA on his right knee on November 28, 2005. This was the date of his second shift placement in the flood affected area. While it is not clear whether Mr. Belanger sought treatment before or after his shift, it is certain that the boil appeared the day of his shift. It is also clear he failed to alert anyone at OSCO to his possible contraction of the contagious disease. Mr. Belanger did not complain to his supervisor or file for

workman's compensation. In May, 2006, Mr. Belanger developed MRSA on his fingers. He was treated by Dr. McFalda and the condition was resolved within two weeks. On May 16, 2006, Mr. Belanger initiated a worker's compensation claim by filing a Report of Injury on the Job, stating that he had contracted MRSA due to fecal matter left after the flood. The supervisor comments on the report suggested that the flood area be sanitized.

A few days after submitting the form, Mr. Belanger was instructed by Sergeant Beltz to remove the supervisor comments on the report. Uncomfortable with the order to alter the report, Mr. Belanger approached Captain Wallace, who directed him to follow the proper chain of command and report his concern to Lieutenant Atkins. Lieutenant Atkins instructed Mr. Belanger that it is the duty of a deputy to follow the orders of a superior. Before any alterations could be made to the report, Major Eades determined that the report should be filed as it was originally filled out. No changes were made to the submitted report. The worker's compensation claim resulted in payment of benefits for the few days Mr. Belanger was off work. Since May, 2006, Mr. Belanger has not been demoted, has had no reduction in pay, did not change shifts and did not change the location of his employment. No grievances have been filed, nor have any of these issues been directed to a supervisor.

The Oakland County jail has had an infection control policy in place since 1997 that includes strict adherence to universal policies. In July, 2005, special precautions were implemented in response to suspicion of inmates contracting MSRA. Mr. Belanger received training on more than one occasion on policies and procedures of safety and infection control.

In addition, in August, 2005, Mr. Belanger experienced difficulties with his supervisor Alexander's treatment of deputies. Mr. Belanger was seen by a psychologist regarding stress at work and his supervision at the jail, and complained to command staff regarding his supervisor. Mr. Belanger asserts that he was subsequently placed in less desirable job assignments.

## STANDARD FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56(c) empowers the court to render summary judgment "forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See Redding v. St. Eward, 241 F.3d 530, 532 (6th Cir. 2001). The Supreme Court has affirmed the court's use of summary judgment as an integral part of the fair and efficient administration of justice. The procedure is not a disfavored procedural shortcut. Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986); see also Cox v. Kentucky Dep't of Transp., 53 F.3d 146, 149 (6th Cir. 1995).

The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Amway Distributors Benefits Ass'n v. Northfield Ins. Co., 323 F.3d 386, 390 (6th Cir. 2003) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)). The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Redding, 241 F.3d at 532 (6th Cir. 2001). "[T]he mere existence of

some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original); see also National Satellite Sports, Inc. v. Eliadis, Inc., 253 F.3d 900, 907 (6th Cir. 2001).

If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 270 (1968); see also McLean v. 988011 Ontario, Ltd., 224 F.3d 797, 800 (6th Cir. 2000). Mere allegations or denials in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving party. Anderson, 477 U.S. at 248, 252. Rather, there must be evidence on which a jury could reasonably find for the non-movant. McLean, 224 F.3d at 800 (citing Anderson, 477 U.S. at 252).

## ANALYSIS

### I. 42 U.S.C. §1983 - Fourteenth Amendment Substantive Due Process Violation

Belanger claims that the actions of the Defendants regarding the health and safety of the jail violated his substantive due process rights to personal security and bodily integrity. To succeed in a substantive due process claim, a plaintiff must demonstrate (1) violation of a particular constitutional right and (2) actions that "shock the conscience." Ziem v. Zehnder, 2005 US Dist LEXIS 46026. Simple negligence does not rise to the level of a substantive due process violation. Sperle v. Michigan Dept. of Corrections, 297 F.3d 483, 491 (6th Cir. 2002). Behavior at the other end of the

5

culpability spectrum that would most probably support a substantive due process claim, conduct intended to injure in some way unjustifiable by any government interest, is the sort of official action most likely to rise to the conscious shocking level.  Daniels v. Williams, 474 U.S. 327, 331 (1986).  The Due Process Clause does not guarantee certain minimal levels of workplace safety and security, nor does it impose federal duties analogous to those imposed by state tort law.  Collins v. City of Harker Heights, Tex., 503 U.S. 115, 423 (1992).

Belanger claims that the Due Process Clause affords him a constitutional right to personal security and bodily integrity that was violated by Defendants' deliberate indifference to the safety of employees and failure to take measures to educate employees in protecting themselves from contracting contagious diseases in the course of employment.  In Kraucher v. County of Bucks, 455 F.3d 418 (3rd Cir. 2006), the court addressed a substantive due process claim based on similar facts.  In Kraucher, the plaintiff alleged that his contraction of MRSA was due to defendant's "conscience shocking" behavior of creating dangerous working conditions, a failure to sufficiently treat inmates afflicted with the contagious infection, and defendant's misrepresentation of the risk of infection.  The court of appeals upheld a judgment in favor of defendant finding that plaintiff could not establish conscience shocking behavior because of policies to maintain the sanitary conditions of the work environment and adequate response and treatment to inmates that had contracted MRSA.  The court held that "the risk of contracting infection was a 'risk incident to [his] service as an employee at the jail, of which [plaintiff] was on notice from the outset of his employment." Id. at 431.

Considering the evidence in a light most favorable to the Plaintiff, there is no genuine issue of material fact that the actions of the Defendants did not constitute conscience shocking behavior.  The jail had an infection control policy in place since 1997 that included strict adherence to universal precautions. The testimony of Belanger's treating physician, Dr. McFalda, states that following universal precautions as provided in the training by the Oakland County Jail would help prevent the spread of MRSA.  In July, 2005, special precautions were implemented in response to suspicion of inmates with MRSA.  Belanger concedes that he received training for health and safety, including universal precautions, more than five times prior to the flood in November, 2005.   The Plaintiff does not satisfactorily assert the Defendants engaged in conscious shocking behavior because policies were in place, training was provided, and information was given to employees regarding prevention of the spreading of infectious disease.

Belanger's assertion that an inadequate response to the flood establishes a substantive due process claim is unsupported.  The record shows that prior to and after the flood, the Defendants were diligent in the maintenance and concern of the sanitation and safety of the jail.  In response to the flood, a professional cleaning service cleaned and disinfected the area and Defendants removed and replaced the affected carpet within a month of the damage occurring.  The Plaintiff does not dispute these facts, but contends that additional treatment of the affected area should have occurred.  The Plaintiff fails to identify any institutions that demonstrate better, more adequate precautionary measure for protecting the spread of contagions diseases. A difference of opinion as to the cleaning standards used in response to the flood in this case might at

best give rise to a claim of negligence, but no reasonable jury could find that the Defendants' actions shock the conscience, and thus a substantive due process violation occurred. The Defendants' motion for summary judgment of the 42 U.S.C §1983 substantive due process claim is thus GRANTED.

II.  42 U.S.C. §1983 - First Amendment Retaliation

Belanger claims that Defendants' assignment of less favorable jobs and poor performance evaluations were in retaliation for Belanger filing a worker's compensation claim asserting he had contracted MRSA in the Oakland County Jail.   In order to establish a claim of retaliation under the First Amendment, Plaintiff must show (1) he engaged in constitutionally protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; (3) there is a causal connection between elements one and two– that is, the adverse action was motivated at least in part by his protected conduct. Scarborough v. Morgan County Bd. of Educ., 470 F.3d 250, 255 (6th Cir. 1998).  As a public employee, Plaintiff must establish that (1) his speech implicated a matter of public interest or concern; and (2) his interest in taking up the matter of public concern outweighs Defendant's interests, as an employer, in promoting the efficiency of the public services it performs through its employees. Habel v. Macomb Twp., 2006 U.S. Dist. LEXIS 11249.  The determination of whether a public concern is involved is determined by the content, form, and context of a given statement. Farhat v. Joppke, 370 F.3d 580, 589 (6th Cir. 2004).  The Sixth Circuit described the inquiry into what constitutes a public concern as determining the focus, purpose, or intent of the speech.  The court explained that "the proper inquiry is *not* what might be "incidentally conveyed" by the speech, and

that "passing" or "fleeting" references to an arguably public matter do not elevate the speech to a matter of "public concern" where the "focus" or "point" of the speech advances only private interests."  Id. at 592.

Belanger asserts that he engaged in protected speech by initiating his worker's compensation claim in filing the Report on Injury.  He alleges that less favorable work assignments and negative performance evaluations were retaliatory actions taken by Defendants against him.  Plaintiff does not elaborate as to how his job assignments differed from other employees except that he worked in a pod daily. Further, the record shows that Belanger was assigned to work in the area affected by the flood twice a month, which supports the inference that other employees were required to work in the affected area by virtue of the normal rotation policies in effect.  Belanger's "speech" contained in the incident report and worker's compensation claim fails the Farhat "focus" test to determine whether the speech constitutes a public concern and is thus protected. Belanger asserts that his act of filing the claim was to alert the Defendants to the presence of MRSA and the potential for an outbreak.  In reality, the purpose of filing a worker's compensation claim is to obtain benefits when an employee has been injured in the course of employment.  The nature of a worker's compensation claim is to secure personal benefits that constitute a private interest.  As such, the worker's compensation claim fails the "focus" test and is not protected speech.  Mr. Belanger also asserts that he spoke to supervisors and a union representative concerning unsanitary conditions at the jail, but does not argue that this speech was protected, nor that there were causally connected retaliatory measures.

In addition, the record shows that the retaliatory actions alleged by Belanger commenced before the flood incident and subsequent compensation claim, which substantially weakens Plaintiff's contention that the Defendants' actions would deter a person from engaging in constitutionally protected speech or conduct, or that the adverse action was motivated by Belanger's conduct. Contrary to Plaintiff's assertion that the October, 2007 performance evaluation was the first indication of negative performance, Belanger testifies to having been put on a performance improvement program prior to filing the worker's compensation claim. Although it might be argued that disagreement may exist with regard to whether the speech fell within the protected category, a reasonable jury could not find that conduct by the Defendants that began before the worker's claim was filed and continued unchanged after the claim was filed constitutes adverse action motivated by Belanger's actions and were meant to deter further actions. Defendants' motion for summary judgment of the First Amendment Retaliation claim is therefore GRANTED.

III. Conspiracy

Belanger alleges that the Defendants engaged in a cover-up to hide the existence of MRSA in the jail.

The elements required for a conspiracy cause of action are:(1) a concerted action (2) by a combination of two or more persons (3) to accomplish a criminal or unlawful purpose, or to accomplish a lawful purpose by criminal or unlawful means. Admiral Ins. Co. v. Columbia Cas. Ins. Co., 194 Mich. App. 300, 313 (1992).

The record fails to establish the elements required for a conspiracy claim. Belanger fails to establish that there was a concerted action. Even when the facts are

10

construed in the light most favorable to the Plaintiff, evidence supporting a cover-up is substantially lacking and unsupported.  The incident report form was submitted unaltered; the worker's compensation resulted in no change in pay, shifts, job assignments, or discharge; the area affected by the flood was sanitized and the carpet replaced; and Belanger and the other employees of the jail were trained in universal precautions to educate them in how to avoid the spread of contagious disease.  The Plaintiff fails to proffer any evidence to support his claim, leaving the claim meritless and requiring the court to GRANT summary judgment for the Defendants.

IV.  Workers' Compensation Retaliation

Under the Workers' Disability Compensation Act (WDCA): "A person shall not discharge an employee or in any manner discriminate against an employee because the employee filed a complaint or instituted or caused to be instituted a proceeding under this act or because of the exercise by the employee on behalf of himself or herself or others of a right afforded by this act." MCL 418.301(11).  The elements required to establish a retaliatory discharge claim are: (1) the plaintiff was engaged in a protected activity; (2) the defendant knew of the protected activity; (3) the defendant acted adversely to the plaintiff; and (4) the protected activity caused the adverse employment activity. Lamoria Health Care & Retirement Corp., 233 Mich. App 801, 818 (1999).

Belanger has conceded the fact that the less favorable work assignments began before the worker's compensation was filed.  Belanger fails to establish a causal connection between filing for worker's compensation and adverse action by the Defendants.  Plaintiff states in his response to the motion for summary judgment that

the adverse actions began right after the benefits form was submitted, but this is contrary to the record and Belanger's own testimony. A reasonable jury could not find a causal connection between the filing of a benefits claim and adverse action that predated both the incident and the claim. The Defendants' motion for summary judgment is GRANTED.

V.  Municipal Liability and Official Capacity

Belanger names the County of Oakland and the individual Defendants as liable in their official capacity. In a §1983 claim, a municipality is liable for a constitutional violation only when the execution of a government policy or custom is the cause of the injury. Monell v. New York City Dep't of Soc. Serv., 436 U.S. 658 (1978). As stated above, Belanger fails to establish violation of a constitutional right, therefore a claim that a municipal policy was the cause of a constitutional violation fails.

To establish a §1983 claim for failure to train, there must be a deliberate or conscious choice by the municipality. City of Canton v. Harris, 489 U.S. 378 (1989). The record shows that Oakland County had established policies for infection control. Plaintiff admits to having been trained multiple times in universal precautions. Plaintiff does not respond to Defendant's motion for summary judgment on this matter. For the above stated reasons, summary judgment is GRANTED.

It should be noted that neither party raises the issue of immunity.

CONCLUSION

Defendants' motion for summary judgment is GRANTED as to all of Plaintiff's claims.

Dated:  April 7, 2009

                                        S/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
April 7, 2009, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

---